RECEIVED
IN LAKE CHARLES, LA
JUN - 7 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:04 CR 20059-005 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| MARK ANDERSON GALLASHAW, JR. | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court are the defendant's objections to the Presentence Report ("PSR") prepared by the Probation Department.

The defendant's first objection has no impact on the Guidelines and does not require a ruling by the court.

The defendant argues that he should be given a 2 or 3 level decrease as a minor or minimal participant. The Probation Department concedes that this defendant was not an organizer, leader, manager or supervisor in the conspiracy. Probation asserts, however, that Gallashaw does not meet the definition of a minimal or minor participant either. Although Gallsahaw was not a leader, he admitted that he cooked or distributed one and a half kilograms of cocaine for Gregory Leday. This activity and the statements of co-conspirators demonstrate Gallashaw knew that Leday was distributing drugs.

U.S.S.G. § 3B1.2 allows several levels of reduction based on a defendant's role in the offense: 4 levels for a minimal participant, 2 levels for a minor participant and 3 levels if his role falls between minimal and minor. A minor participant is "less culpable than most other participants,

but whose role could not be described as minimal." U.S.S.G. § 3B1.2, cmt. n.4. The defendant has the burden of proving that his role in the offense was minimal or minor. *United States v. Atanda*, 60 F.3d 196, 198 (5th Cir.1995). To qualify as a minor participant, a defendant "must have been peripheral to the advancement of the illicit activity." *U.S. v. De Jesus-Batres*, 410 F.3d 154, 163 (C.A.5 (Tex.), 2005); *United States v. Miranda*, 248 F.3d 434, 446-47 (5th Cir.2001).

Given the facts set forth about Gallashaw's participation in the charged crimes, the court finds that he is not entitled to a reduction for a minor role in the offense. The court has adopted the facts provided in the PSR. The PSR indicates that Gallashaw cooked and helped distribute cocaine. Although Gallashaw has made the objection, absent rebuttal evidence the court is entitled to rely on the facts stated in the PSR. *United States v. Peters*, 283 F.3d 300, 314 (5th Cir.), *cert. denied*, 536 U.S. 934, 122 S.Ct. 2612, 153 L.Ed.2d 797 (2002). The defendant may put on rebuttal evidence before sentencing, otherwise, this objection is overruled.

The defendant objects to the consideration of a juvenile offense in ¶38 of the PSR. He argues that the time he committed the offense should be considered, not his date of release. This argument directly contradicts the Guidelines. USSG §4A1.2(d) governs the counting of criminal history points for offenses committed prior to age 18. Both USSG §4A1.2(d)(2)(A) and (B) direct that the key date is the date of release from imprisonment, not the date the offense was committed. The defendant's term of probation was revoked and he was sentenced to 21 months confinement. He was released on June 14, 1999. The charged offense occurred on February 1, 2003. This is within the five year time frame. Accordingly, this objection is overruled. The criminal history points were properly assessed.

The fact that the defendant has a significant history of drug and alcohol abuse dos not affect

the guideline computation and does not require a ruling by the court.

Based upon the foregoing, the defendant's total offense level is 35, with a criminal history score of III.

Lake Charles, Louisiana, this 6 day of June, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE